Brian O'ROURKE

v.

A. Kathryn POWER et al.

No. 95–458–M.P.

Supreme Court of Rhode Island.

Feb. 26, 1997.

Leatrice D. Walsh, Cranston, for Plaintiff.

Robert A. Scott, Westerly, Alan Shoer, Asst. Attorney General, Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before the Court on December 2, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised by this petition for certiorari should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the petition will be decided at this time.

Judith Scott (Scott), an attorney, while engaged in her own private law practice was also employed on a part-time basis at the Workers' Compensation Division of the State Department of Labor. As part of her private practice, Scott undertook to represent the plaintiff, Brian O'Rourke (O'Rourke), in the underlying action, a civil complaint filed against the Director of the Rhode Island Mental Health, Rehabilitation and Hospitals (MHRH) pursuant to G.L.1956 § 36–15–4. That complaint was based upon alleged retaliatory actions, labeled as intentional torts, directed against O'Rourke by MHRH personnel after O'Rourke had reported alleged patient abuses occurring at the MHRH.

Prior to filing the civil action complaint, Scott was concerned that her part-time employment by one department of the state might be viewed as a conflict of interest on her part in a proceeding against another department of the state, such as the MHRH.[1] Therefore, before undertaking her representation of O'Rourke and filing his civil action

---

1. Scott had special reason to be concerned because O'Rourke had previously received workers' compensation benefits while employed at the MHRH, and if an aggravation of that injury were to occur and result in compensation for more than twenty-six weeks, the MHRH would be eligible to be reimbursed through the Second Injury Fund. In that reimbursement procedure, the division within the Department of Labor that employed Scott would decide the MHRH's eligibility for reimbursement.

complaint, she first obtained the consent of both the director of the Department of Labor and O'Rourke. When, despite the consent of both parties, the Attorney General, who represented the MHRH, objected to Scott's continued representation of O'Rourke, Scott then requested an advisory opinion from the Supreme Court Ethics Advisory Panel (panel).

In a final opinion issued on July 27, 1994, the panel concluded that Scott's representation of O'Rourke in the underlying action did not violate either Rule 1.7(b) or Rule 1.13(e) of article V of the Supreme Court Rules of Professional Conduct. The panel explained that Scott's representation of O'Rourke was not "directly adverse to or materially limited by the lawyer's responsibility to" the Department of Labor. Dissatisfied with that opinion, the Attorney General filed a request with the panel to reconsider its decision. That request was denied by the panel.

On May 26, 1995, the Attorney General, on behalf of the defendant, MHRH, then filed a motion to disqualify Scott as the plaintiff's attorney in the Superior Court action. Scott objected to that motion and filed, in response, a motion for declaratory judgment. She also filed a motion to continue any hearing on the Attorney General's motion to disqualify until after her motion for declaratory judgment was decided. Scott's motion for a continuance was granted. Thereafter, on June 23, 1995, following a hearing on the Attorney General's motion to disqualify and on Scott's motion for a declaratory judgment, decision was reserved, and on July 12, 1995, the hearing justice denied the Attorney General's motion to disqualify and granted Scott's motion for declaratory judgment. The trial justice declared that (1) the Attorney General's office could not properly bring a motion to disqualify a trial attorney on the basis of a conflict of interest after the panel had concluded that there was no impermissible conflict, (2) an attorney who abides by an opinion of the panel is conclusively presumed to have abided by the Rules of Professional Conduct, (3) the rules of the panel do not provide for a mechanism to appeal its opinions to the Superior Court, and (4) that the proper method for reviewing the opinions of

the panel is to file a petition for writ of certiorari in the Rhode Island Supreme Court. The Attorney General thereafter filed a petition for certiorari here in this Court.

■ Since the Attorney General's petition for certiorari was filed, Scott has terminated her employment with the Department of Labor and no longer represents O'Rourke in the underlying action. Thus, the issues presented are moot. Because there is nothing raised by the facts of this case that, despite mootness of the issues originally raised, would cause us to render an advisory opinion, we decline to do so. *See Witt v. Moran,* 572 A.2d 261 (R.I.1990); *State v. Cianci,* 496 A.2d 139 (R.I.1985).

■ Notwithstanding, however, our disinclination to answer the questions raised by the Attorney General's petition, we note that the advisory opinion requested by Scott was for her sole benefit and was exclusively for the purpose of avoiding disciplinary action. The panel's advisory opinion, therefore, is not binding upon any parties who were not parties to the actual panel proceedings. That would of course include the trial justice presiding over Scott's litigation and would reserve to that trial justice full right to act upon any motion to disqualify. The motion before the trial justice, we note, raised many of the same concerns as were involved in the panel's advisory opinion issued pursuant to Scott's request. However, we point out that the trial justice certainly had unfettered authority to render an independent decision regarding the propriety of Scott's representation of O'Rourke since he was not precluded from so doing by the panel's decision.

■ We also note, for the guidance of those persons who are employed as counsel by the various state agencies, boards, and departments, that an attorney is not presumed to represent *all* state agencies, boards, and departments merely because he or she represents a *particular* state agency, board, or department. Therefore, an attorney's employment by one state agency, board, or department does not automatically create a conclusive presumption that every other state agency, board, or department is

the attorney's "client" for the purposes of the Rules of Professional Conduct.

For the foregoing reasons, the petition for certiorari is denied, and the judgments are affirmed. The writ heretofore issued is quashed and the papers in this case are remanded to the Superior Court.